10639.

. BAILEY v. FREE AND ACCEPTED MASONS OF S. C.

(108 S. E. 107)

1. SPECIFIC PERFORMANCE—INDEFINITE CONTRACT TO MAKE LEASE NOT
   SPECIFICALLY ENFORCED.—A contract to make a lease, indefinite as
   to when the lease was to commence, as to the period of the lease,
   and as to everything except the amount to be paid per month, could
   not be specifically enforced.

2. ASSOCIATIONS—ONE TRUSTEE CANNOT MAKE CONTRACT UNLESS
   OTHER TRUSTEES APPROVE OR CONFIRM IT.—One of several trustees
   of a fraternal organization cannot make a contract to execute a
   lease unless the other trustees approve or confirm it.

Before WHALEY, J., County Court, Richland, November,
1920.   Affirmed.

Action by J. W. Bailey against Free and Accepted
Masons of South Carolina.   From judgment for defend-
ant the plaintiff appeals.

The letters referred to in the opinion are as follows:

Bennettsville, S. C., Aug. 26, 1919.

"J. W. Bailey, Columbia, S. C.—My Dear Sir:   Your
letter of the 7th inst. was not overlooked, but, on the con-
trary, received the most careful consideration.   I delayed
my reply in order to confer with other trustees before giv-
ing you an answer.   I have not yet heard from all, but am
satisfied from information at hand that three things are
reasonably certain:

"1st.   They will ask more rent for your store.

"2d.   They will give you preference, provided you are
willing to pay as much as others are offering.   (We have a
reliable offer to lease for 1, 2 or 3 years at $75.)

"3d.   They will give you a lease for one, two or three
years at $75 per month.

"You have been prompt in your payments, and a very
satisfactory tenant in every way, but the trustees cannot, in

justice to the Masons of the State, whose agents they are, continue your rent at $50 longer, since they have a written offer from a responsible person of $75.

"I trust you may see your way clear to increase your rent. Seventy-five dollars does not mean so much now as fifty did when you moved into the building.

"In case you are not willing to pay the increased rent, consider your notice to vacate from this date, and we shall expect the from the expiration of the time allowed you by law. On the other hand, if you desire to pay the $75, you may go ahead and make the changes you expect to make and they, the trustees, will give you a written lease for the desired time, as soon as practical.

"Trusting that I have made the position of myself and the trustees plain, I am, with best wishes,

Yours respectfully, E. J. Sawyer,

"G. Sec. for the Trustees."

"Columbia, S. C., Sept. 2, 1919.

"Mr. E. J. Sawyer, Bennettsville, S. C.—Dear Sir: Your recent letter in reference to the renting of the property which I now occupy has been received. Replying, would say that I am exceedingly sorry that you find it necessary to raise the rent when my present time is out, and especially so because of the fact that another man would try to get possession by offering a higher figure. I have had it pretty hard during the and the war, but have always, as you know, paid the rent promptly.

"I have worked hard to build up a business, and now, or at the end of my present contract, to move would be disastrous. Under the circumstances, I will have to accept your offer, and do accept the same at a higher rental—the figures named, $75 per month.

"I hope that when your board meets, it will take my case under consideration and if possible make a reduction, es-

pecially as it would have a prompt and reliable tenant.    Any consideration that the board might make would be very much appreciated by

"Yours very truly,                    J. W. Bailey."

"Columbia, S. C., March 1, 1920.

"Mr. E. J. Sawyer, Bennettsville, S. C.—Dear Sir:  Inclosed find check, fifty dollars ($50.00), rent for store for the month of February.    According to our contract made some time ago, whereby I am to get a lease for a period of not over three years, paying therefor as rent seventy-five dollars ($75.00) per month, I am now asking that you have the said lease made out and executed for the period of three years.    The payment of seventy-five dollars per month is in case I be given the lease.    Unless the lease is given, as I understand, I would only have to pay fifty dollars per month until the year ends.    However, I am asking for a fulfillment of the contract heretofore agreed upon, viz., a three years' lease at the rate of seventy-five dollars per month.    Please attend to this matter as soon as possible.

"Yours very truly,                    J. W. Bailey."

Notice to vacate at end of year was given by letter dated April 20, 1920, as follows (omitting addresses, etc.) :

"This is to notify you that the Free and Accepted Masons of South Carolina will wish possession of their premises now occupied by you on Washington street, Columbia, S. C., at the expiration of the calendar year, and this is to notify you to vacate said premises on or before December 31, 1920, so that we may secure possession of same on January 1, 1921.

"We are giving you notice now, so that you may have ample time to make arrangements to secure other premises should you so desire.

"Yours very truly,                    E. J. Sawyer,
"Gen. Sec. F. & A. M. of S. C.

March 17, 1920.

"Yours of the 1st instant inclosing check for $50.00, which you state is rent for the month of February, duly received.

"By reference to our correspondence, particularly my letter of August 26, 1919, you will see that you were advised that the rent would be $75.00 per month after the termination of your lease on December 31, 1919. This proposition was accepted by you in letters to me of date September 2d and 6th.

"Unquestionably your tenancy would have expired December 31, 1919, except for our agreement to allow you to continue in the building at $75.00 per month. This rental of $75.00 per month is for one year only. In my letter of August 26th, above referred to, I advised you that we had a reliable offer to lease for one, two or three years at $75 per month, and stated that I felt reasonably certain that the trustees would give you a lease for one, two or three years at $75 per month. I had no authority to make the lease without the sanction of the trustees and your letter of reply stated no specific time, but expressed your willingness to pay $75.00 per month.

"Your rent at $75.00 per month began January 1st. You have made two remittances of $50.00 each through error or misapprehension on your part, and there is now due a balance on account of rent of $50.00, and $75.00 will be due April 1st as rent for the month of March.

"Unless you let us have promptly check for $50.00 covering the arrearage in rent in accordance with the above we will be forced to take steps to protect the Free and Accepted Masons of South Carolina, whom we represent. In addition to the correspondence above referred to, on or about the 5th of November I saw you personally and advised you that the matter of renting the building had been taken up by the full board of trustees, that they had an offer from

Mr. I. S. Leevy, of Columbia, S. C., at $180.00 per month for the first and second floors of the building, with the exception of a portion of the first floor now occupied by a barber shop, and also the small brick building in the rear, and that the trustees had decided to give you the refusal of the building at the rental of $180.00 per month for a term of one, two or three years. This proposition you declined

"On November 7th I notified you in writing that the trustees had leased the store occupied by you to Mr. I. S. Leevy, and they desired you to give him possession by January 1, 1920, and that this was in addition to previous notice.

"As you declined to vacate the building we have given the matter further consideraion and as your tenancy may have ripened into one from year to year, we prefer for the present to make no issue, but to allow you to retain the store during the present calendar year at what you claim to be the agreed rental of $75.00 per month.

"I will thank you to let me have a reply at once, together with check to cover the balance due.

"Yours very truly,      E. J. Sawyer, G. Sec"

"March 19, 1920.

"[Omitting address.]

"Yours of the 17th inst. to hand. Replying would say that I find that the time of the beginning of my lease is as you say, the first day of January, 1920. I am, therefore, in accordance with your request inclosing my check for the difference due you—$50.00.

"Now, as to the length of my lease, you are in error in saying that it is only for one year. In your offer of date August 26, 1919, you distinctly stated that if I accepted your offer 'the trustees (for whom you were acting) will give you a written lease for desired time, as soon as practical." In the same letter, and as your third condition of the offer, you said, "They will give you a lease for 1, 2 or 3

years,' giving me by that the option of saying what length of time the lease should be. You will remember in the presence of three persons, in November, I told you that I would take a lease for three years, and was ready to sign. One of the three persons referred to was the Reverend N. F. Haygood. But you have never submitted a lease for me to sign, and I wrote you that I wanted a lease made out for three years. Your offer of the 26th of August never having been withdrawn, I having accepted the said offer, had the right to name the time. I am contending for the three years' lease, as you offered, and hope that you will, without further delay, present the same for my signature, so that I may have same recorded, although your letters and mine show without a doubt that I am entitled to the place for three years, and that was and is my understanding from the offer you made and which I accepted.

"Really, I cannot understand your attitude as gathered from your last letter. I mean to carry out to the letter my promises and cannot understand why you would now try to side-step your definite propositions. Business men can only proceed along definite lines, if they hope to succeed. Hoping that I have made my position clear as to my determination and what I shall expect of you in the carrying out of your contract, I am,

"Yours truly,

J. W. Bailey."

Letter dated March 24th:

"Yours of the 19th inst., inclosing check for $50.00 balance on rent of store for the months of January and February, 1920, has been received. Replying to what you said about a three years' lease, I wish simply to say that I made you no offer of a lease for any time, in my letter of August 26, 1919, nor at any other time. In that letter I made it plain that I had no power to lease the building

without the authority of the Board of Trustees, and then told you what. I thought was 'reasonably certain' they would do.   Soon after I told you that I had made a mistake about the reliable offer of $75.00, that it was more, and advised you against making any expensive improvements, as I did not know what action the trustees would take. Yes, I remember distinctly that the first conversation I had with you in November was on the occasion when I presented to you in writing the conditions on which the trustees had agreed the night before to give you a three years' lease, which lease you declined, and Mr. I. S. Leevy accepted.   Is that not business men proceeding along definite lines?   I am sorry that you cannot understand my attitude as Secretary of the Trustees.   I have tried to make it plain, but as I am not in the brain furnishing business, I shall have to remain,

"Your misunderstood friend,<br>"E. J. Sawyer, Secy."

Letter of October 24, 1919:

"Mr. E. J. Sawyer—My Dear Sir:   Your very kind letter of the 21st inst., received.   I have no proposition to make to them.   I have not had any dealings with the trustees; don't know who the trustees are—all my business transactions have been with you and I accepted your proposition for a $75.00 per month rental some time ago. Now, if you think that you can make some reduction on the price agreed upon, and that my presence would help you in this matter, I will be very glad to be on hand.   Any consideration you may give me in this matter will be highly appreciated by

"Yours truly,                           ·J. W. Bailey."

The exceptions referred to in the opinion are as follows:

The plaintiff now appeals, on the following exceptions:

(1)   Because his Honor, Judge Whaley, erred in confirming the finding of the master that the appellant did not

accept in its entirety the offer of respondent as made in its letter of August 26, 1919, in that the letter of applicant dated September 2, 1919, shows on its face an unconditional and absolute acceptance.

(2) Because his Honor erred in confirming the finding of the master that appellant did not attempt to accept the other condition until March 1, 1920, and that was too late to have effect. When the appellant, by his letter, demanded a three-year lease, the error being:

(a) No such defense was pleaded.

(b) Respondent was not and could not have been injured by such delay, even were it true, the evidence being that the demand was made orally in November, 1919.

(c) That appellant was of the opinion that the contract to pay $75.00 per month for a term of years begun March 1, 1920, in which case he deemed demand for such lease of that date the proper time to make demand.

(3) His Honor erred in holding, further, that the letter of E. J. Sawyer of August 26, 1919, did not contain an unqualified offer, but was subject to the ratification of the trustees, the error being:

·(a) In that the letter itself shows that it was the act of the trustees, through its secretary, and not one of the trustees has ever repudiated his act.

(b) In that it contained an unqualified offer to rent the building, and that the letter of acceptance made a binding contract.

(c) In that the letter of E. J. Sawyer and the answer thereto of J. W. Bailey made an absolute contract, and his Honor erred in not so holding.

(4) Because the letter of E. J. Sawyer was substantially to its acceptance by the appellant, ratified by the trustees, in accepting the $75.00 per month, and said Board of Trustees are now estopped from claiming that there was no contract.

*Messrs. Graydon & Graydon* and *N. J. Frederick*, for appellants, cite: *Contract to make a lease may be enforced*: 36 Cyc., 554. *Letters made a complete contract*: 33 S. C. 367; 48 S. C., 506; 1 Hill Ch., 166. *Laches*: 62 S. C., 89.

*Messrs. Nelson, Gettys & Mullins*, for respondent, cite: *Letters were only preliminary negotiations*: 89 S. C. 73; 14 Allen 242. *Acceptance was not in accordance with offer*: 31 S. C. 53.

June 30, 1921.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from a decree of County Court, Judge Whaley, on the following statement:

"This action was commenced in the Richland County Court on the 4th day of August, 1920, by J. W. Bailey, the appellant herein, against Free and Accepted Masons of South Carolina, for the specific performance of a contract to make a lease, which contract was entered into by the appellant and respondent, by letters set forth herein. Respondent, Free and Accepted Masons of South Carolina, by its answer, denied making the contract.

"The cause was referred to the master of the Court, to hear and determine all the issues of law and fact, and report the same to the Court. The master found against the appellant. Exceptions were duly taken by the appellant from the findings and rulings of the master, which exceptions are hereinafter set out.

"The exceptions were heard by his Honor, Judge Whaley, who by his decree, dated November 12, 1920, overruled appellant's exceptions, sustained the master's findings, and went further and found that there was no contract at all between the parties."

The exceptions, four in number, impute error and ask reversal. All of the exceptions are overruled.

The contract relied on and for which specific per-
1, 2 formance is sought is indefinite as to everything,
      except as to the amount to be paid per month;
indefinite as to when it was to commence.  There was not
a meeting of minds on this.  It is silent as to the length
of the lease, and one trustee could not make such a con-
tract unless the other trustees approved or confirmed it.
There is no evidence in the case that this was done, and
the facts all show that his Honor's decree is correct.

Affirmed.